IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
AUG 17 2012

PER _____
DEPUTY CLERK

GURMEET SINGH DHINSA, :
      Petitioner : CIVIL NO. 3:12-CV-912
:
v. : (JUDGE NEALON)
: (MAGISTRATE JUDGE SMYSER)
H.L. HUFFORD, WARDEN, :
      Respondent :

## MEMORANDUM

On May 16, 2012, Gurmeet Singh Dhinsa ("Petitioner"), an inmate currently incarcerated at the Schuykill Federal Correctional Institute in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his criminal conviction out of the United States District Court for the Eastern District of New York based on an intervening change in the law. (Doc. 1). In response to the petition, Respondent requests that the matter be transferred to the sentencing court and Petitioner agrees. See (Docs. 7-8). On July 3, 2012, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be transferred to the United States District Court for the Eastern District of New York. (Doc. 9). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to

dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Background**

On July 21, 1997, a four (4) count indictment was filed against Petitioner in the United States District Court for the Eastern District of New York. U.S.A. v. Dhinsa, et al., No. 1:97-cr-672 (E.D. N.Y.) at (Doc. 3). On October 23, 1998, after pretrial litigation, a superseding indictment was filed charging Petitioner with twenty-nine (29) counts arising from his role as leader in a racketeering organization. Id. at (Doc. 226). After a four (4) month jury trial, Petitioner was found guilty of twenty-one (21) counts, including, inter alia, racketeering, murder in aid of racketeering, obstruction of justice murder, using and carrying a firearm during a crime of violence, being a felon in possession of firearms, mail fraud, threatening to commit murder, conspiracy to commit interstate kidnapping, and interstate kidnapping. United States v. Dhinsa, 243 F.3d 635, 642 (2d Cir. 2001). Although the government sought the death penalty, on October 15, 1999, Petitioner was sentenced to life imprisonment on eight (8) counts and additional terms of imprisonment on the remaining charges. Dhinsa, No. 1:97-cr-672 at (Doc.

439). On appeal, the Second Circuit Court of Appeals affirmed the convictions on all but three (3) counts: threatening to commit murder, conspiracy to commit interstate kidnapping, and interstate kidnapping.[1] Dhinsa, 243 F.3d at 677-78.

On November 20, 2002, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of New York alleging ineffective assistance of trial counsel. Dhinsa v. Herrera, No. 1:02-cv-6156 (E.D. N.Y. November 20, 2002). The District Court dismissed the motion as untimely and denied a certificate of appealability. Id. at (Docs. 17, 21). The Second Circuit Court of Appeals also denied Petitioner's request for a certificate of appealability. Id. at (Doc. 24).

On May 16, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. (Doc. 1). Petitioner challenges his conviction of counts five (5) and nine (9), obstruction of justice murder in violation of 18 U.S.C. § 1512(a)(1)(C), based on the recent decision of the United States Supreme Court in Fowler v. United States, 131 S. Ct. 2045 (2011). (Id.). Petitioner argues that section 2255 is inadequate because he is actually innocent of these two (2) charges, he is imprisoned for conduct the Supreme Court has found not to be criminal, and he did not have a prior opportunity to raise his claim in a section 2255 motion. (Id.) (citing In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997)). Respondent filed a response on June 12, 2012, requesting that the habeas corpus petition be transferred to the United States District Court for the Eastern District of New York. (Doc. 7). Respondent argues that the sentencing court is familiar with the circumstances of Petitioner's conviction, that it will have

---

[1] The three counts vacated on appeal were subsequently dismissed by the District Court. Dhinsa, No. 1:97-cr-672 at (Doc. 516).

3

greater flexibility in fashioning a new sentence, and that the record and witnesses are located in that District. (Id.). Further, Respondent states that it will not object to personal jurisdiction or venue and that it waives the territorial-jurisdiction rule. (Id. at p. 5), citing Cox v. Holt, 2009 U.S. Dist. LEXIS 108115 (M.D. Pa. 2009) (Caldwell, J.) (transferring the section 2241 habeas corpus petition to the sentencing court at the request of the partes). Petitioner filed a traverse on June 20, 2012, in which he does not oppose the transfer provided that it be made without prejudice to his ability to reinstate the action in this Court, or other court of confinement, if the sentencing court dismisses his petition for lack of jurisdiction. (Doc. 8). On July 3, 2012, Magistrate Judge Smyser issued an R&R recommending that the habeas corpus petition be transferred to the United States District Court for the Eastern District of New York. (Doc. 9).

Notably, on May 21, 2012, shortly after initiating the instant action, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. Dhinsa v. United States, No. 1:12-cv-2685 (E.D. N.Y. filed May 21, 2012). Petitioner raised an identical claim to the one presented in the instant action. Id. at (Doc. 1). The United States District Court for the Eastern District of New York, finding that it lacked jurisdiction to consider a successive 2255 motion without authorization, entered an Order transferring Petitioner's motion to vacate to the United States Court of Appeals for the Second Circuit. Id. at (Doc. 3). The Second Circuit Court of Appeals granted Petitioner an extension of time to file his application for leave to file a successive section 2255 motion; however, after the R&R was issued in the instant case, Petitioner filed a motion for voluntary dismissal of his appeal. Dhinsa v. United States, No. 12-2242 (2d Cir. June 1, 2012) at (Docs. 16-17). The Second Circuit Court of Appeals has notified Petitioner that his motion for voluntary dismissal is not in compliance with the Court's Local

Rules and has given him until August 27, 2012 to cure the defects. Id. at (Doc. 18).

**Discussion**

In the absence of objections, this Court has reviewed the R&R for plain error and, finding none, will adopt the Magistrate Judge's recommendation.

Magistrate Judge Smyser correctly explains that review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. (Doc. 9, p. 3) (citing 28 U.S.C. § 2255(e); Manna v. Schultz, 454 Fed. Appx. 31, 33 (3d Cir. 2010); O'Kereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "A motion under § 2255 is inadequate or ineffective only if 'some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" (Id.) (quoting Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). "'Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.'" (Doc. 9, pp. 3-4) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)). Magistrate Judge Smyser recognizes that section 2255 "may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion." (Id.) (citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

Petitioner argues that section 2255 is inadequate or ineffective based on the Supreme Court's decision in Fowler. Magistrate Judge Smyser determines that pursuant to Fowler, for the

5

government to secure a conviction under 18 U.S.C. § 1512(a)(1)(C), which makes it a crime "to kill another person, with intent to . . . prevent the communication by any person to a law enforcement officer . . . of the United States" of "information relating to the . . . possible commission of a Federal offense," it must show that there was a reasonable likelihood that the relevant communication would have been made to a federal officer. (Doc. 9, p. 2) (discussing Fowler, 131 S. Ct. 2045).

The Magistrate Judge finds that although Respondent does not explicitly agree that section 2255 is inadequate, Respondent argues that the case should be transferred to the sentencing court. (Doc. 9, pp. 4-5), citing 28 U.S.C. § 1404 (a). The R&R points out that Respondent is waiving the territorial jurisdiction rule in 28 U.S.C. § 2241(a). (Doc. 9, p. 5). Additionally, Petitioner does not oppose the transfer, if made without prejudice. (Id.). For these reasons, Magistrate Judge Smyser recommends that the petition be transferred to the United States District Court for the Eastern District of New York. (Id. at p. 6), citing 28 U.S.C. § 1404(a).

Finding no clear error in the R&R and in the absence of objections, this Court will adopt Magistrate Judge Smyser's findings and recommendations. This Court agrees with the Magistrate Judge that it is in the interests of justice to transfer this matter to the sentencing court. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). A determination as to whether Petitioner is actually innocent of obstruction of justice murder following the Supreme Court's decision in Fowler requires an examination of the evidence

adduced at trial, which in Petitioner's case was approximately four (4) months long. The trial court is therefore in the best position to make such a determination. Notably too, Petitioner has attempted to raise his <u>Fowler</u> claim in the United States District Court for the Eastern District of New York pursuant to section 2255. The sentencing court did not simply deny Petitioner's motion as a successive petition, but transferred it to the appellate court so Petitioner could file an application for leave to file a successive section 2255 motion based on an intervening change in law. See 28 U.S.C. § 2255(h)(2) ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Although that case is still pending before the Second Circuit Court of Appeals, this Court concludes that transferring the instant action with consent of the parties may resolve any jurisdictional issues by allowing the sentencing court to consider the <u>Fowler</u> issue pursuant to section 2241. See <u>Cox</u>, 2009 U.S. Dist. LEXIS 108115. However, consistent with Petitioner's request, this transfer will be without prejudice to his ability to reinstate his section 2241 habeas corpus petition in this Court, or other court of confinement, if the United States District Court for the Eastern District of New York dismisses the action for lack of jurisdiction.

**<u>Conclusion</u>**

In the absence of objections, this Court has reviewed the R&R and finds that it does not contain plain error. The parties consent to have the section 2241 petition for writ of habeas corpus transferred to the sentencing court, and Respondent waives the territorial jurisdiction rule and any objections to venue or personal jurisdiction. This Court finds that the sentencing court is familiar with the circumstances of Petitioner's convictions and can more efficiently address the

merits of Petitioner's <u>Fowler</u> claim. Accordingly, for the convenience of parties and witnesses, it is in the interests of justice to transfer this action to the United States District Court for the Eastern District of New York. However, this transfer will be without prejudice to Petitioner's right to reinstate his section 2241 habeas corpus petition in the court of confinement if the sentencing court dismisses the petition for lack of jurisdiction.

       A separate Order will be issued.

**Date: August 17, 2012**                      **United States District Judge**